## Wood v. Commonwealth.

(Decided April 19, 1927.)

### Appeal from McCreary Circuit Court.

Homicide.—In trial for aiding and abetting commission of homicide by another, self-defense instruction, not giving defendant benefit of such other's right to act in self-defense, was erroneous.

H. M. CLINE for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellant, Gorman Wood, with his brother, Claude, went roaming about in McCreary county apparently looking for liquor and trouble, and they came in contact with Walter Stephens and his uncle, Tom Stephens, who were probably engaged in the same pursuit at the time. The Wood boys had been to Isom, Tenn., during the day, and there had been a casual meeting between the principal actors during the day, but there was no difficulty, and there had been no hard feelings at any time between the Wood boys and Walter and Tom Stephens. At least some liquor had been found, and some of the parties were drunk, while others represented different degrees of intoxication. Late in the afternoon the principal actors above mentioned got together on the road near Pine Knot. Walter Stephens and his uncle, Tom, had stopped their automobile by the side of the road, and were listening to the playing of a banjo by a boy they had met at that point. When the Wood boys

arrived on the scene, very little took place, according to all the evidence. They say Walter Stephens waived them down, and that they stopped pursuant to his signal, and that, when they got out of the automobile, they approached the Stephens' automobile. When Walter Stephens asked them what they wanted, they answered that they wanted nothing, unless it was a big drink of liquor, and without any further exchange of courtesies the fight began; Walter and Claude engaging in one fight while Gorman and Tom engaged in another. The other version of the story is that the Wood boys drove up and used language indicating they had found him whom they were seeking, and that they immediately got out of their automobile with drawn pistols, and the fight started. Both of the Wood boys were armed, and both had their pistols displayed. While Gorman was fighting with Tom, and Claude was fighting with Walter, a number of extras appeared, and took more or less part in the proceedings. Gorman was disarmed while he and Tom were engaged in a scuffle or fight, and an effort was made to bring about peace between them. While this was going on, Claude and Walter had fallen into a ditch fighting each other, and some of the bystanders went to them, and disarmed Claude, and they were separated. After Claude was taken to his automobile, his pistol was returned to him. Walter obtained a crank shaft from his automobile, and they got together again, and Walter struck Claude with the crank shaft, and Claude fired his pistol. Walter had hold of him at the time the pistol was fired, and, while the shot missed Walter, it struck a thirteen year old boy, Ray Shepherd, in the back, and killed him.

The testimony of the witnesses who were present is very much confused, and it is exceedingly difficult to understand exactly what happened or the reason therefor. Claude Wood fled, and has not been apprehended. On his trial Gorman was convicted, and his punishment fixed at two years in the penitentiary.

An examination of the record convinces us that there was no evidence of conspiracy, and the first instruction which relates to the matter of conspiracy should have been omitted. The self-defense instruction is erroneous, in that it does not give the appellant the benefit of the right of his brother, Claude, to act in his self-defense. If Claude was acting in his self-defense when he fired the

shot, then no offense was committed, and the appellant could not be guilty as an aider and abettor. We find it unnecessary to pass on any of the other alleged errors at this time, and all other questions are reserved.

The judgment is reversed and remanded for proceedings consistent with this opinion.